SUMMERS, Justice
(dissenting).
There is no doubt that Audubon Park is the property of the State, or that the city of New Orleans has only such authority over the park and the Audubon Park Commission as the Legislature has granted. It is equally as clear that because the Audubon Park Commission has been created by the State Legislature it has only such power and authority as the Legislature has conferred. The Commission has been entrusted with the “control and management” of the park as an agent of the State. Its mandate is to “preserve and improve it for public recreation and use as a place of public resort and pleasure,” and to “establish, maintain, operate and control park recreational and entertainment facilities and activities.” Act 191 of 1914 and Act 492 of 1958.
Any radical change in the character or objectives of the “park” concept as established by custom and usage is an abuse of that trust and a violation of the mandate of the Commission. When this occurs, the law vests in the appropriate State authority the right to redress in the courts.
The denial of the restraint petitioned for here is based upon the maintaining of an exception of no cause of action. It is my view that the exception required the trial judge to accept as fact the allegation that five contracts had been let by the Commission to do various parts of a “plan”, and that the effect of the performance of those contracts and the effect of the execution of the “plan” would be to change the character and nature of Audubon Park. Accepting this allegation as a fact compels the conclusion that the Commission has transcended its authority as agent entrusted with management and control of the park. Changing the character and nature of Audubon Park is beyond the authorization of a general mandate; it is an exercise of the prerogatives of ownership outside the contours of Commission authority. *330 If I give you management and control of my garden, I do not authorize you to engage in the operation of a cattle farm. Under these allegations, therefore, the State is entitled to the redress it seeks to compel the Commission to abide by its legi-mate authority in keeping with the letter and spirit of the law.
Moreover, I entertain serious doubt that the Audubon Park Commission has any authority to construct or populate a zoo; this authority reposes in the Zoological Board of Control contemplated by Act 81 of 1928.
I would grant this writ.